## FRANCISCO ANTONGIORGI Y FRANCESCHI

*v.*

## MANUEL ZENO GANDIA ET AL.

Ponce, Equity, No. 204.

Where a suit in equity attacks the genuineness and validity of a will under which certain executors are claiming to act, and upon an application for the appointment of a receiver, it is shown that such executors are

Antongiorgi y Franceschi v. Gandia.

allowed by the local law to qualify without the giving of any bond, and that two of such executors are insolvent, while the third has only property much less in value than the money and disposable property which has, or shortly will, come into the custody of the executors, a receiver should be appointed to take charge of the testate estate pending the judicial determination of the genuineness or validity of the alleged will.

Order filed March 28, 1906.

*Messrs. Pettingill, Leake,* and *Horton,* solicitors for complainant.

*Messrs. H. F. Hord* and *Wm. H. Hawkins,* solicitors for defendants.

McKENNA, Judge, delivered the following opinion:

This cause has been submitted on an application for the appointment of a receiver *pendente lite,* affidavits having been filed by the complainant and the defendants. The parties have been heard at length by their respective solicitors, N. B. K. Pettingill making argument on behalf of the complainant, and Henry F. Hord that on behalf of defendants, and briefs have been filed.

The bill, which is verified, alleges that the defendants, Manuel Zeno Gandia, Angel Cesari, and Alejandro Franceschi, who are claiming to act as executors of the alleged last will of Angela Franceschi, received from complainant $35,000 in cash belonging to said estate, and will receive for the present cane crop belonging thereto $75,000 or $80,000 more; that they have given no bond as such executors, and that two of said executors, namely, Manuel Zeno y Gandia and Angel Cesari, are insolvent, and that the other remaining executor has capital not exceeding

Antongiorgi y Franceschi v. Gandia.

$10,000. The allegation of insolvency is practically undenied by the affidavits filed on behalf of defendants, as to said Manuel Zeno y Gandia and Angel Cesari, and the allegation as to the worth of said third executor, Alejandro Franceschi, is only denied by his own affidavit, in which he claims to be worth from $35,000 to $40,000.

Upon full consideration of the briefs and the affidavits filed, from which the foregoing facts are gathered, the court is of the opinion that a receiver should be appointed, who shall duly qualify by taking oath and giving a bond in the sum of $10,000 for the faithful performance of his duties as receiver, and that the defendants Manuel Zeno Gandia, Angel Cesari, and Alejandro Franceschi should be required to deliver to said receiver all the assets and property delivered to them by said complainant, or which have been received by them from any other source belonging to the estate of said Angela Franceschi. An order will be made appointing a receiver and defining his duties.